Battlk, J.
 

 There are one or two grounds- upon which the order, made in the Court below, to dissovo the injunction, can be so clearly sustained, that it is unnecessary to notice any other. The advocates for the injunction must base their claim to it, upon the assumption, either that the building, which the defendant is erecting, is a nuisance, or that it is a trespass, which will create an irreparable injury. If it be a nuisance, it must, of course, be a public one, and in that case, the proceeding against it ought to be an information in the name of Ihe Attorney General, or a bill, to which he is made-a party. Drewry on Injunctions, 240, (36 Law Lib. 165,) 2 Stor. Eq. section 922,
 
 et seq.
 

 If it be regarded as a trespass, then, wo cannot see how the injury can be deemed irreparable. The plaintiffs can very easily have the building taken down, and there is no intimation in the bill, that the defendant will not be able to pay any damages, which a jury may assess, in an action at law. The plaintiffs could, undoubtedly, have brought an action of trespass
 
 quare elausum fregit
 
 the moment the defendant commenced digging up the soil for the purpose of laying the foundation of the building, and he could not have- justified, unless ho could show that he entered under a contract with the building committee, and, of course, with their license. Here, then, was a plain remedy, which the plaintiffs had by an action of tresspass at law, and it was also an adequate remedy, unless the damage can he shown to be irreparable. It is clear, that it cannot be so deemed, either in a “ technical,” or any other sense. The principle, upon which the in-
 
 *257
 
 jnnctive process to restrain a trespass can be issued, is said to be this“That although the jurisdiction of Equity does not property extend to cases of trespass, strictly so called, yet, where the trespass is of such a nature as to be actually taking away or destroying the very substancé of the estate as in the case of timber, coals, lead ore, there, the injunction will be granted to restrain such species of trespass.” See Drewry on Injunctions, 181, (36 Law Lib. 133,) citing
 
 Robinson
 
 v.
 
 Lord
 
 Byron, 1 Bro. Ch. Cases, 588;
 
 Harrison
 
 v. Gardner, 1 Ves. Jun’r., 308;
 
 Crockford
 
 v.
 
 Alexander,
 
 15 Ves. 138. The- erection of a house upon the plaintiff’s land, certainly does not fall within this principle. The-bill does not state, distinctly, how far the defendant had progressed with the bu-ilding complained of. If he has just commenced it, then it is manifest that the injury, sustained, can be easily redressed; but if it has been completed, or nearly so, the injury may be greater, provided the plaintiff cannot make any use of the house, but tiie principle will be the same. Our.opinion is, that the plaintiffs have failed entirely to make out such a case of “irreparable injury” as to make it necessary'for them to invoke the restraining process of a court of equity.
 

 The decision of the cause upon its merits, (so far as we are now at liberty to consider the merits), makes it unnecessary to notice, with much particularity, the objection of the defendant to the insufficiency of the affidavit annexed to the bill. We will only say, at present, that we do not approve of it, and we can see no reason why it should have varied from the form usual in such cases. When an oath is made by an agent, for a corppration, it should state “ that lie has read the bill, or heard it read, and knows the contents thereof, and that the same iá true of his own knowledge, except as to the matters which are therein stated on the information or belief of the complainants, and that as to those matters the deponent believes it to be true.”
 
 The Bank of Orleans
 
 v.
 
 Skinner, 9
 
 Paige’s Ch. Rep. 307.
 

 Per Curiam, The order appealed from is affirmed.